UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| BASIL C., <br>     Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO[1], Commissioner of the Social Security Administration, <br>     Defendant. | C.A. No. 24-cv-421-JJM-AEM |

**ORDER**

Before the Court are competing motions—Plaintiff Basil C.'s Motion to Reverse the Decision of the Commissioner, and Defendant Acting Commissioner Michelle A. King's Motion to Affirm the Decision of the Commissioner. ECF Nos. 10, 13. Basil applied for Supplemental Security Income ("SSI") and was denied after the Administrative Law Judge ("ALJ") determined that he was not disabled.

Basil appeals to this Court on three grounds; he asserts that the ALJ: (1) failed to evaluate the medical opinion of Dr. Romina Dragone-Hyde; (2) improperly rejected the limitations of the primary treating source; and (3) failed to consider Basil's ability to complete a normal workday or work week. ECF No. 10 at 1, 5-15. After a thorough review of the entire record, this Court DENIES the Motion to Reverse and GRANTS the Motion to Affirm.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano has been substituted for Acting Commissioner Leland C. Dudek as the defendant here.

I.  BACKGROUND

Basil is a 41 year-old who used to work as a kitchen helper in restaurants. In 2022, Bail was shot and continues to suffer injuries from the shooting as well as other impairments. The ALJ found that Basil suffers from the severe impairments of: osteoarthritis; injuries from the gunshot wound including neuropathy; obesity (380 pounds); and depressive, anxiety, personality, and trauma-related disorders. She also found that Basil had the residual function capacity ("RFC"):

> to perform a range of light work as defined in 20 C.F.R. § 416.967(b). He is able to lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for six hours in an eight hour workday. He can sit for 6 hours in an 8-hour workday. He is able to occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, and crouch. He can never crawl. He can frequently perform reaching in all directions, including in front, laterally, and overhead with the bilateral upper extremities. He must avoid all exposure to hazards, including moving mechanical parts and unprotected heights. He can understand, remember, and carry out simple instructions and tasks. He can frequently interact with supervisors. He can occasionally interact with coworkers and the general public. He can tolerate occasional changes in a routine work setting.

ECF No. 10 at 3-4.

II.  STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). This Court also keeps in mind throughout its determination that the Social Security Act is a remedial statute that the Commission and courts should broadly construe and liberally apply and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981); *Drovak v. Celebrezze*, 345 F.2d 894, 897 (10th Cir. 1965).

III. DISCUSSION

   1. **Whether the ALJ Failed to Evaluate the Medical Opinion of Dr. Romina Dragone-Hyde.**

Dr. Romina Dragone-Hyde, a clinical psychologist conducted a consultative examination of Basil and opined that he struggled to interact with others. Basil alleges harmful error by the ALJ, asserting that, she made scant mention of Dr. Dragone-Hyde's "medical opinion." ECF No. 10 at 8. But as the Commissioner correctly points out, Dr. Dragone-Hyde's reportdid not offer a medical opinion, but it was "other medical evidence" 20 C.F.R. § 416.913(a)(3) because "[n]othing in Dr.

Dragone-Hyde's report addresses the specific work activities plaintiff can still do or identifies any specific impairment-related limitations or restrictions." ECF No. 13 at 7. The ALJ's consideration and treatment of Dr. Dragone-Hyde's report was consistent with the "pertaining to the relevant category of evidence." 20 C.F.R. § 416.913(a).

### 2. Whether the ALJ Improperly Rejected the Limitations of the Primary Treating Source.

Next, Basil takes issue with the ALJ's analysis of the opinion of his treating mental health provider as non-persuasive. ECF No. 10 at 10. He claims that ALJ's treatment of the medical opinion on his mental health limitations was not based on substantial evidence and contains errors of law. *Id.* Basil asserts that "[b]y exclusively reciting objective evidence and ignoring any evidence that points to mental health limitations of greater severity, the ALJ clearly fails to address any other part of the record when assessing severity through these criteria." *Id.* at 11.

The Commissioner counters, pointing out that the ALJ articulated why she found the social worker's opinion to be non-persuasive by analyzing the opinion's supportability and consistency:

> [T]he ALJ explained the opinion was 'not supported by corresponding treatment records.' Besides her opinion, the record contains only one letter from Ms. Cabrera, written while she was an intern and noting she was seeing plaintiff on roughly a weekly basis for 'anxiety due to a physical assault accident.' Nothing in this letter supports the very significant mental limitations in Ms. Cabrera's opinion. As for the consistency factor, the ALJ found Ms. Cabrera's opinion was 'not consistent with the record as a whole, including the claimant's independent functioning with regard to activities of daily living and the conservative, outpatient treatment generally given throughout the record, with otherwise intact mental status examinations suggesting up

>   to moderate limitations overall.' This finding is also supported by substantial evidence in the record.

ECF No. 13 at 9.  Because the ALJ based her finding of non-persuasive on substantial evidence in the record, this Court cannot reweigh the evidence and conclude otherwise.

### 3. Whether the Commissioner Erred as a Matter of Law by Failing to Consider the Ability to Complete a Normal Workday and Workweek in Basil's RFC

Finally, Basil asserts as reversible error the ALJ's supposed failure to consider his inability to complete a normal workday and workweek.  ECF No. 10 at 12-15.  But a review of the records that the ALJ considered shows that she did rely on substantial evidence to make her find; that is, the state agency consultant's report that supports the ALJ's RFC finding.  Even with conflicting evidence, it is the ALJ's responsibility to resolve conflicts in the evidence.  *Rodriguez*, 647 F.2d at 222.

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES Basil's Motion to Reverse the Decision of the Commissioner, ECF No. 10, and GRANTS the Commissioner's Motion to Affirm, ECF No. 13.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court

May 19, 2025

5